IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.      10-cv-01023-WDM-KLM

SKYTECH INC., a Maryland corporation,

    Plaintiff,

v.

1054 PC-12, LLC., a Virginia Limited Liability Company,

    Defendant.
_____

## ORDER CONFIRMING ARBITRATION AWARD
_____

    This matter is before me on the Plaintiff's Motion for Entry of Default Judgment (ECF No. 9).  Plaintiff filed its complaint pursuant to 9 U.S.C. §§ 9 and 13 to confirm the January 8, 2010 arbitration award in Plaintiff's favor following arbitration before the American Arbitration Association in Denver, Colorado.  The award is attached as Exhibit A.

    Although Defendant waived service, it has not responded to the complaint and the Clerk entered default against Defendant on August 20, 2010 (ECF No. 8).

    The arbitrator denied Defendant's claims (the Defendant was the original claimant in arbitration) and found in Plaintiff's favor, awarding liquidated damages of $300,000, consequential damages of $255,596, $147,590.02 in legal fees and costs as the prevailing party, and $9,475.23 in administrator fees for a total award of $712,661.25.  The award also provided for post-judgment interest at the rate of eight

percent "if payment is not made from the final date of this award." ECF No. 10-2 at 30.

The Federal Arbitration Act provides that a federal court has jurisdiction to confirm an arbitration award where "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. The arbitration agreement of the parties is found in the Pilatus Aircraft Purchase Agreement, Exhibit 1 to the Complaint, ECF No. 1 at p. 4-5. The agreement does not have explicit consent to enter judgment. Nevertheless, given the fact the agreement contains a "finality" provision, that is, that the arbitrator's decision "shall be final and shall not be subject to judicial review," and describes that the arbitration shall be in accordance with the "AAA" rules, there is implicit consent to judicial confirmation of the award. *Okla. City Assoc. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 794 (10th Cir. 1991). Accordingly, I have jurisdiction to confirm the award.

The award, as submitted, is appropriate for confirmation with the exception of its award of interest. Generally, post-judgment interest on a money judgment in a civil case before this court is determined by 28 U.S.C. § 1961. However, the Tenth Circuit has held that the parties to arbitration may agree to a different post-judgment interest rate than that provided in § 1961 so long as they clearly indicate their intent to do so. *Newmont USA, Ltd. v. Ins. Co. of N.Am.*, 615 F.3d 1268, 1276-77 (10th Cir. 2010.) "Consistent with § 1961, an arbitration panel may not establish a post-judgment interest rate itself, but it may determine whether the parties have sufficiently contracted for their own rate and, if they have, indicate that rate should be applied." *Id.* at 1277. It does not appear that the parties submitted the matter of post-judgment interest rate to the

arbitrator and the agreement does not so provide. Accordingly, the award should be modified and I am authorized to do so pursuant to 9 U.S.C. § 11(b).

Accordingly, it is ordered:

1. With the exception of the award of interest, I confirm the Award of Arbitrator attached hereto as Exhibit A and judgment shall enter in favor of the Plaintiff, Skytech, Inc., against the Defendant, 1054 PC-12, LLC in the amount of $712,661.25; $300,000 of which has already been received by Plaintiff;

2. Post judgment interest is awarded pursuant to 28 U.S.C. § 1961; and

3. Plaintiff may have its costs.

DATED at Denver, Colorado on November 3, 2010

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge